This case involves the question whether a conviction under the Oregon possession of a destructive device statute constitutes a crime of violence under the guidelines that increase a sentence by six levels for being in possession of a firearm while a felon. The court made its decision based on a finding that the conviction involved use and therefore was covered under the first clause of the second prong of the crime of violence test. The government has conceded that in fact the statute is purely possessory and therefore cannot stand under that reasoning and suggests an alternative ruling that it should be affirmed based on the or otherwise clause. Are you asking us to hold that possession of a bomb does not involve conduct that presents serious potential risk of physical injury to others? That's exactly what I believe is required under this court's decision in Wenner. We provided this by rule 28 J letter on January 28th. In that case the court looked at the exact same guideline section and said that where you have burglary of a dwelling specifically mentioned that that foreclosed going to the or otherwise clause because it had already been considered. I don't understand how you can equate burglary which could be burglary of a coin operated device. It could be burglary of a fenced yard. I don't see how you can equate that with a statute that makes it illegal to possess a bomb and how we could say that possession of a bomb does not create a potential risk of injury to others. The sentencing commission has already categorically considered and rejected that mere possession constitute a crime of violence by using use the word use in the first clause. The use of explosives or destructive devices is explicitly considered yes that is a crime of violence. Then they have or and then they have something else that you can do. And what Wenner says is you don't go to the or otherwise clause because of three rules of statutory construction. First of all they say that the specific trumps the general. If the guidelines commission has already considered use and decided that that covers it then they've already decided that possession by broader category is not included. That also goes with the rule of statutory construction that we don't have surplusage. If use in the first clause doesn't mean anything that can also include possession it's surplusage and that is again against the rules of statutory construction. And the third rule that Wenner cites which is also directly applicable is the danger of having an overly broad definition compared with the state statute and the federal definition. So what we're basically arguing is that under Wenner that this issue has already been considered and rejected. Once the government has conceded that the first clause does not apply which they have. Wenner says you don't go to the second clause because it's already been considered explicitly. Now we have set out an argument that if we were not to get past that first argument there are alternative grounds for addressing the concern that the court's expressing. And I'm glad to go to those but I believe that the most important thing to try to convey in this argument is that the court after the filing of the opening brief has ruled in a case that I believe is directly controlling that once there is a specific consideration in the first clause of the second prong of the test you cannot go to the or otherwise clause. Assuming that we are there even that for three different reasons is not something that is a crime of violence under the statute. The first reason focuses on we switch our orientation from possession and use to destructive device. And that is that under the Oregon statute there is a key difference between destructive device in state statute and federal and that is that the federal statute says that if it is a crime of violence. It is not designed or redesigned for use as a weapon. It's not a destructive device. That clause that requirement is missing under the state statute so it is categorically over broad and again it's not categorically over broad like Taylor looked at burglary. It's over broad in the sense of for example larceny which is you say that categorically never requires an element of force or risk even if it's a blood down robbery because what Taylor tells us is we never look to the underlying facts. It's a categorical approach. We're looking at the statute and the judicially noticeable facts. Sometimes you take a step beyond. We're dealing here with an indictment that your client was convicted or pleaded guilty to specific reference to a metal pipe bomb. Metal pipe bomb is sort of a damning description of the object in question. In the first level we don't go to the individual facts of the case because the elements of the offense do not include that we use a metal weapon. I understand that but sometimes you do go beyond. And if you did go beyond here we don't have any judicially noticeable facts. I've cited in the supplemental to the Hayat Salon case but all that case follows other decisions of this court that hold that the information or indictment is never enough. It's not enough to have the information indictment or a pre-sentence report. What you have to have is a judgment or a plea colloquy that creates an element. So first of all we don't even get there because there's not an element required of use or design as a weapon. Second, the government did not put on any evidence regarding the judgment or the plea colloquy so we only have the charging instrument which the courts have uniformly held we don't go to. Then you go to the, we still need to go to another level here. The facts from the police report that the defendant put into evidence to show that it was an exotic firework rather than anything that was causing any, the type of danger that the federal statute perhaps is concerned about. Again, that evidence was uncontroverted on his statement challenging the nature of it. I don't see where an exotic firework would be covered under the Florentine statute. It doesn't seem to cover flares or sparklers or things of that sort. It seems to cover bombs, grenades, rockets having a propellant, missiles, mines. I mean it doesn't talk about exotic fireworks. A bomb is a very broad category of things. It can include things that are used for blowing stumps, for entertaining on the Fourth of July or New Year's Day, for illegal fishing. There's all kinds of things that type of device can be used for that are totally, and again we're not even talking about use we're talking about possession. So even the sophomore curiosity that could result in possession is not the type of thing that should categorically be considered a crime of violence. And with the court's permission I reserve my remaining time for rebuttal. Thank you. Thank you. May it please the court, Michael Brown appearing on behalf of the government. Let me begin with the point that I think counsel is attempting to make with respect to the breadth of the state statute and frankly that point reflects. Why don't we start with Winter. Doesn't that seem to be the most difficult problem you have? At first blush perhaps. Let's get to the second blush then. Winter, specifically the problem with Winter, the problem with the dissent's effort to get that case to the or otherwise clause was that the crime in question was burglary of a residence. And that that offense is specifically included, identified burglary of a dwelling. The argument in Winter was well, what does dwelling mean and does it mean, does it necessarily have to be a building as opposed to some other kind of a structure or other kind of space that's delineated as a residence. That was the debate in Winter, whether the facts, whether the state statute of burglary of a dwelling, of a residence, encompassed more than was contemplated by the very specific provision of 4B1.2. Our case is different than Winter. But in the Winter decision, section C, catch all provisions, the whole analysis is whether you can, when something is dealt with specifically, the subject is dealt with specifically, whether you can then use the catch all provision to blossom.  The point that I would want to make is that in Winter, the discussion was all about whether this conduct, prohibited by statute, fell within burglary of a dwelling. In our case, the specific provision the counsel would like to raise as a barrier to the consideration of the catch all phrase is the provision that, as a matter, absolutely, in every case, the use of an explosive, use of an explosive will be, any crime that prohibits the use of an explosive will be categorically a crime of violence. My position in government is that use of an explosive is more expansive, if you would, than the possession of a bomb. Those are different things. And the fact that the Guideline Commission decided to define absolutely categorically that the use of any explosive would be a crime of violence does not lead to the conclusion, unavoidably, that the possession of a bomb would not be also a crime of violence under the catch all. What about possession of an explosive? Would that be under the catch all? I think my position would be I'd be in a much more difficult position to argue that if the crime that he'd been convicted of was possession of an explosive, there was nothing more, because remember, we cannot, based on the Taylor categorical approach, we cannot go to the facts. So we would be stuck, if you would, with looking at the elements of the offense. And if the crime to which he'd been convicted of had been the mere possession of an explosive, our position, I think, would be weakened. That's not what he pled guilty to in state court. He pled guilty to the possession of a bomb. Well, he pled guilty to possession of a destructive device. Which, by definition, now we can go to the state statute. We can go to the state statute. And if we look at the state statute, two things. How do we know he pled guilty to the indictment as charged? Based on the judge. He says you can't look at the indictment. You can't look at the charging document. You have to look at the plea colloquy, and he said a few other things along those lines. How do we know that that's what he pled guilty to? My recollection is, and I'm regret that I don't have it in front of me today, but my recollection is that the defendant actually introduced a copy of the judgment, which reflected the fact that he'd been convicted of a violation of 166.382. I don't think there's been any dispute about that, that that was, in fact, the crime he pled guilty to. Well, that's the statute, statutory crime. But what does the statute cover? The statute covers these items. It defines as a destructive device any of the following items, which include an explosive component. So you have to have an explosive component. And the item that would be involved would have to be a bomb, a grenade, a rocket having a propellant charge of more than four ounces, and a missile having an explosive incendiary charge more than one quarter ounce or more. In other words, they have categorically identified items which, by their inherent nature, are extremely dangerous, the kinds of items which create a serious potential risk of injury to another person. Now, the point that I want to – one of the points I want to make here, or an argument that I failed to make in my brief, regrettably, is that, indeed, that statute does. It is more limited, as limited as the federal statutes that also address explosives. Mr. Sadie suggests that, well, there's no provision that the item has to be specifically designed as a weapon. Well, the reality is that, indeed, the statute does not include those terms. But it does specifically provide that a destructive device does not include any device which is designed primarily or redesigned primarily for use as a signaling, pyrotechnic, line-throwing, safety, or similar device. In other words, if, in fact, this device were designed primarily as a pyrotechnic, which the defendant would want us to believe at this point, although I go back to this point, that inquiry is forbidden. The district court didn't make that inquiry. It should not have made that inquiry because it's prohibited by the categorical approach. But if, in fact, he pled guilty to the possession of a bomb which was not a bomb, his complaint is not – his concern should be addressed to that conviction, not to the calculation of his offense level in his new conviction for possession of a firearm by a felon. The state statute is as limited as the federal statute. Simply say it is. It's no more expansive, no more broad. Any federal statute you find in Title 18 or Title 26 that relate to the use of the possession of explosives. I think I may have missed your point here because the broad problem is that the statute covers more than use. It covers possession. I take it now you're referring to destructive device versus explosive. I'm sorry. Well, I'll let you explain it first, but I'm just the point you're trying to make. The point I'm trying to make is that the state statute that prohibits the possession of a destructive device, i.e. a bomb. In our case, it's a bomb. We're not worried about missiles and rockets and mines. We're talking about a bomb. But the state statute that prohibits the possession of a bomb is, in fact, fashioned in such a way that it takes out from the coverage of that item that are not primed, that are primarily designed for pyrotechnic purposes. It simply stated the state statute doesn't possession doesn't prohibit the possession of pyrotechnics. That's the point. And to that extent, it is. It is commensurate with the federal statutes that deal with destructive devices or bombs. So I recognize that I'm at first going back to my first watch that the argument that we can't get to the catch all provision would seem to be formidable. It is not because in this case, what is what is categorically included in the provision of the specific identified offense is the use of an explosive. The crime that he was convicted of was possession of a bomb. And it's for that reason that we believe that you can get to the catch all provision if you can. And once you get to the catch all provision, continue to deal with the issue categorically. Once you get to the catch all provision, you look categorically at the offense that he was convicted of. It must come to the conclusion that possession of a bomb does create a serious potential risk of injury to another person. One of the things that can be confusing in the discussion of the definition of crime of violence is that it's defined slightly different in different settings. Our definition is, under the catch all phrase, is a serious potential risk of injury to another. If you look at the 924C definition, it talks about a substantial risk that a force would be used against another in the commission of an offense. If you look under 2L, there's yet another definition. But our definition for this case, it comes to us in 4B1.2. And it is, in fact, the definition of a conduct which creates a serious potential risk of injury to another person. The court argues de novo. In this case, the conclusion ought to be that this does qualify as a crime of violence. Thank you for your patience today. I get to be a textualist. The argument I just heard says that we should be on policy grounds distinguishing and treating differently explosives and destructive devices. I refer you to Commentary 1 that says, The context set forth expressly charged an account in which the defendant was convicted involved use of explosives, per-en, including any explosive material or destructive device. Now, if the sentencing commission has not seen fit to make a distinction between the two things, I think that it is incumbent upon us to follow what is their clear message, which is that we have considered that. We require use. Mere possession is not going to be considered categorical. We don't even go to the or otherwise. What were you reading from? It's first application of one of 4B1.2 definition of crime of violence, subsection capital B. And with which I've incorporated in the section describing the relevant guidelines upon which we are relying. Second, regarding the scope of the state statute, it is identical to the federal statute, except in missing the weapons. If that weapons doesn't mean anything, are we reducing that to surplusage again for the same reason? But when applies, there should be no surplusage in considering the statute. There is a difference. And the difference that matters in thinking about the other types of devices that are different, that are not mentioned in the statute. Of course, a different rule applies. But even those cases should be looked at very narrowly because they have their origins in the state. That is that the cases that the government talks about rely on done. It's a 1991 case that basically said that we've been talking about some exotic weapons, that because felon in possession of firearms is categorically a crime of violence, then this should be also. Of course, we know from Stinson that the Supreme Court has held that under the same guideline category, that mere possession of a firearm by Charlie Manson or anybody else dangerous as all get out. But that is not considered a crime of violence. So we're not talking about potentiality. We're talking about usage, not possession. I was trying to find I was looking through the book. I guess I must have looked at the office. There's a copy of the state judgment of conviction. Page 22 of the excerpt of record is the is the indictment is the indictment. There is no judgment in the record. I have the indictment, but there is no judgment. And that is what that was one of our layers of the argument that we made. It's saying that look at all this effort to go beyond behind the statute is based fundamentally attacking the rationale Taylor, which said no mini trials. It's burdensome and unfair. You look at the statute, Mr. Brown. I thought he said that the copy of the state judgment was presented to the judge. I thought it was. I was thinking, OK, OK. Thanks. Thank you. Thank you very much. Thank you. Submitted the court.
judges: Reinhardt, Silverman, Clifton